IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-51420
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GILBERT JAHMALL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1834-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gilbert Jahmall appeals the sentences imposed by the United States District Court for the Western District of Texas following his guilty-plea convictions of conspiring to possess with the intent to distribute fifty kilograms or more of marijuana; possessing with the intent to distribute fifty kilograms or more of marijuana; conspiring to possess with the intent to distribute five grams or more of a mixture or substance containing crack cocaine; and possessing with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the intent to distribute five grams or more of a mixture or substance containing crack cocaine. Jahmall argues that when imposing his sentence, the district court failed to consider his advanced age, his medical problems, and his lack of dangerousness. Jahmall contends that his sentence is unreasonable in light of those factors because it is greater than necessary to achieve the goals set forth in 18 U.S.C. § 3553(a)(2) (2007).

We review the district court's sentence for reasonableness. Gall v. United States, 128 S. Ct. 586, 594 (2007). Under Gall, we must determine first whether the district court committed procedural error. 128 S. Ct. at 597. If we find no procedural error, then we consider the sentence's substantive reasonableness. Id. Sentences imposed within a properly calculated guideline range are presumed reasonable. Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Because Jahmall did not object in the district court to the reasonableness of his sentence, we apply a plain error standard of review, "which requires considerable deference to the district court." United States v. Peltier, 505 F.3d 389, 391 (5th Cir. 2007). "We may correct the sentencing determination only if (1) there is error . . . ; (2) it is plain; and (3) it affects [the defendant's] substantial rights." Id. at 392.

Under the United States Sentencing Guidelines, Jahmall's sentencing range was seventy-eight to ninety-seven months. The district court sentenced Jahmall to seventy-eight months, and therefore his sentence is presumed reasonable. See Rita, 127 S. Ct. at 2462.

We hold that the district court did not commit plain error in imposing Jahmall's seventy-eight-month sentence. First, the district court did not commit procedural error. At sentencing, there was testimony concerning Jahmall's background, advanced age, loss of vision, diabetes, medications, and drug addiction. Before imposing Jahmall's sentence, the district court expressly considered "the circumstances of the Defendant, the circumstances of the case

. . . the advisory Federal Sentencing Guidelines, the factors required to be taken into consideration by statute[,] and . . . the Presentence Investigation Report." Second, Jahmall's sentence is substantively reasonable. The district court heard evidence at sentencing that Jahmall was arrested for a drug offense while on bail for the instant offense. Despite Jahmall's contrary contentions, his seventy-eight-month sentence serves several of § 3553(a)(2)'s objectives, such as promoting respect for the law, affording adequate deterrence to criminal conduct, and protecting the public from further crimes of the defendant. See § 3553(a)(2). At bottom, the totality of the circumstances in this case, particularly under a plain error review, do not warrant reversal.

We acknowledge that during the pendency of Jahmall's appeal, the Sentencing Commission enacted Amendment 715 to § 2D1.1, revising the manner in which combined offense levels are determined in cases involving cocaine base and one or more other controlled substances. U.S. SENTENCING GUIDELINES MANUAL, app. C (2008). Our holding in the present case does not preclude future consideration of this issue in a motion to the district court pursuant to 18 U.S.C. § 3582(c) (2007).

The judgment of the district court is AFFIRMED.